1  Rhonda R. Trotter (State Bar No. 169241)
   rhonda.trotter@kayescholer.com
2  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1600
3  Los Angeles, California 90067-6048
   Telephone: (310) 788-1000
4  Facsimile: (310) 788-1200

5  Attorneys for Defendants
   Novartis Pharmaceuticals Corporation
6  And Novartis Corporation

7

8                **UNITED STATES DISTRICT COURT**

9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10  _____ **DIVISION**

11  ROBBIN GIBSON as an          )   Case No. 3:15-cv-5762
    individual,                  )
12                               )   Alameda County Superior Court
            Plaintiff,           )   Case No: RG15786193
13                               )
         v.                      )   **NOTICE OF REMOVAL**
14                               )
    NOVARTIS CORPORATION;        )
15  NOVARTIS                     )
    PHARMACEUTICALS              )
16  CORPORATION, NOVARTIS,       )
    AND DOES 1 through 10,       )
17  Inclusive,                   )
                                 )
18          Defendants.          )
                                 )
19                               )
                                 )
20  _____  )

21

22      PLEASE TAKE NOTICE that Defendants Novartis Pharmaceuticals

23  Corporation and Novartis Corporation ( "Defendants") seek to remove this case,

24  pursuant to 28 U.S.C. §§ 1331, 1367 and 1441, from the Superior Court of the State

25  of California for the County of Alameda to the United States District Court for the

26  Northern District of California. Plaintiff's amended complaint asserts claims for

27  discrimination, hostile work environment, and retaliation under 42 U.S.C. §§ 2000E

28  et seq., and the Court has original federal question jurisdiction over these claims

    which "aris[e] under the Constitution, laws, or treaties of the United States." 28

                                    1

1  U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental

2  jurisdiction over Plaintiff's state law FEHA claims for discrimination, hostile work

3  environment and retaliation, Plaintiff's state law claim under Labor Code § 1102.5,

4  and Plaintiff's common law claims for wrongful termination, infliction of

5  emotional distress and negligence.   In support of its notice of removal, Defendants

6  state and allege the following:

7        1.      On September 17, 2015, Plaintiff Robbin Gibson filed a Complaint

8  against Defendants in the Superior Court of the State of California for the County of

9  Alameda.  The initial summons and complaint were not served on Defendants. On

10  November 16, 2015, Plaintiff filed a First Amended Complaint. A true and correct

11  copy of Plaintiff's first amended summons and first amended complaint is attached

12  as **Exhibit A** to this Notice. A true and correct copy of Novartis Pharmaceutical

13  Corporation's Answer to the First Amended Complaint, filed on December 16, 2015

14  prior to the filing of this Notice, is attached as **Exhibit B**.   A true and correct copy

15  of the Superior Court of California, County of Alameda's Notice of Assignment of

16  Judge for All Purposes is attached as **Exhibit C**.  A true and correct copy of the

17  Superior Court of California, County of Alameda's Notice of Case Management

18  Conference and Order is attached as **Exhibit D**.

19        2.      Plaintiff asserts claims for:  (1) Discrimination under the Fair

20  Employment and Housing Act (Cal. Gov't Code § 12940); (2) Hostile Work

21  Environment under the Fair Employment and Housing Act (Cal. Gov't Code §

22  12940); (3) Retaliation under the Fair Employment and Housing Act (Cal. Gov't

23  Code § 12940); (4) Title VII Discrimination (42 U.S.C. § 2000E); (5) Title VII

24  Hostile Work Environment (42 U.S.C. § 2000E); (6) Title VII Retaliation (42 U.S.C.

25  § 2000E); (7) Violation of California Labor Code § 1102.5; (8) Wrongful

26  Termination in Violation of Public Policy; (9) Intentional Infliction of Emotional

27  Distress; and (10) Negligence.

28

63247447_1                    NOTICE OF REMOVAL

1       3.      As set forth below, removal of this action is proper because

2   (i) Defendants have complied with the statutory requirements for removal; (ii) venue

3   is proper in this District; and (iii) the Court has original federal question jurisdiction

4   over Plaintiff's federal law claims and supplemental jurisdiction over Plaintiff's

5   closely related state law claims.

6   **I. Defendants Complied with the Statutory Requirements for Removal**

7       4.      Defendants' removal of this action is timely.  Under 28 U.S.C.

8   § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within

9   thirty days after the receipt by the defendant, through service or otherwise, of a copy

10  of the initial pleading."  The 30-day period runs from the date the complaint was

11  formally served on Defendants.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing,*

12  *Inc.*, 526 U.S. 344, 347-48 (1999).  Defendants were formally served in this action

13  for the first time with the first amended summons and first amended complaint on

14  November 16, 2015, and this notice of removal is filed within 30 days of that date.

15      5.      Pursuant to 28 U.S.C. § 1446(a), Defendants are simultaneously filing,

16  as attachments to this Notice, a copy of all process, pleadings and orders in the state

17  court action.

18      6.      Pursuant to 28 U.S.C. § 1446(d), Defendants will provide notice of this

19  removal to plaintiff through her attorneys of record and will file written notice of

20  this removal with the Superior Court of the State of California for the County of

21  Alameda.

22  **II. Venue Is Proper in This District**

23      7.      Pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), venue lies in, and this

24  case properly may be removed to, the United States District Court for the Northern

25  District of California because Plaintiff filed this case in the Superior Court of the

26  State of California for the County of Alameda, which is located within this District.

27  **III. Jurisdiction**

28  **A.      This Court Has Federal Question Jurisdiction over the Federal Claims.**

*KAYE|SCHOLER* LLP

1       8.     Federal courts have jurisdiction "of all civil actions arising under the

2   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3       9.     Plaintiff asserts claims under Title VII (42 U.S.C. §§ 2000E et seq) for

4   discrimination, hostile work environment and retaliation, and the Court has original

5   federal question jurisdiction over each of these claims.

6   **B.   This Court Has Supplemental Jurisdiction over the Remaining Claims**

7       10.    "[I]n any civil action of which the district courts have original

8   jurisdiction, the district courts shall have supplemental jurisdiction over all other

9   claims that are so related to claims in the action within such jurisdiction that they

10   form part of the same case or controversy under Article III of the United States

11   Constitution." 28 U.S.C. § 1367(a).

12       11.    Plaintiff's state law claims under the Fair Employment and Housing

13   Act for discrimination, hostile work environment, and retaliation, for retaliation

14   under Labor Code section 1102, for wrongful termination in violation of public

15   policy, for intentional infliction of emotional distress, and for negligence all arise out

16   of the same allegations underlying Plaintiff's Title VII federal claims for

17   discrimination, hostile work environment and retaliation.  Hence, they form part of

18   the same case and controversy and this Court thus has supplemental jurisdiction over

19   each of these state law claims.

20   **IV.  Intradistrict Assignment**

21       12.    Pursuant to Northern District Local Rule 3-2(d), this action should be

22   assigned to the San Francisco Division or the Oakland Division, as the state court

23   action was filed in Alameda County.

24   **V.  Removal is Proper**

25       13.    In light of the foregoing, this action may be removed to this Court in

26   accordance with 28 U.S.C. §1441(a):  (i) this action is pending within the

27   jurisdiction of the United States District Court for the Northern District of

28   California; (ii) this Court has original federal question jurisdiction over Plaintiff's

KAYE|SCHOLER LLP

4

Title VII federal claims; and (iii) this Court has supplemental jurisdiction over the Plaintiff's state law claims, each of which are so related to Plaintiff's federal claims that they form part of the same case and controversy.

14.    This action is therefore properly removed to this Court from the Superior Court of the State of California for the County of Alameda.

## VI. Reservation of Rights

15.    Nothing in this notice of removal is intended to waive any defense or affirmative right that Defendants have or may have against Plaintiff or any of the allegations set forth in her Amended Complaint.

16.    If any question should arise concerning the propriety of the removal of this action, Defendants request the opportunity to brief and otherwise address any disputed question that this action is removable.

## VII. Conclusion

17.    For all of the foregoing reasons, Defendants remove this action from the Superior Court of the State of California for the County of Alameda to this Court.

Dated: December 16, 2015

Respectfully submitted,

KAYE SCHOLER LLP

By: _____

Rhonda R. Trotter
Attorneys for
Novartis Pharmaceuticals Corporation and
Novartis Corporation

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA      )
3                                ) ss
                               )
COUNTY OF LOS ANGELES )

4

5

6

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is KAYE SCHOLER LLP, 1999 Avenue of the Stars, Suite 1600, Los Angeles, California 90067.

7

On December 16, 2015, I served the following documents described as follows:

8

## NOTICE OF REMOVAL; ECF HANDOUT/GUIDE

9

10

thereof enclosed in a sealed envelope addressed as follows:

11

**Curtis E. Allen, Esq.**
303 Twin Dolphin Drive, Suite 600
Redwood City, CA 94065
Tel: (650) 868-6620
Fax: (650) 362-1864
Curtis.e.allen.esq@gmail.com
*Attorney for Plaintiff*

12

13

14

15

☐   **BY PERSONAL SERVICE**  I caused such envelope to be delivered by messenger:
      ____  by hand to the addressee.
      ____  and left it at the offices of the addressee with a clerk or other person in charge thereof.
      ____  and left it in a conspicuous place in the offices of the addressee.

16

17

18

19

☐   **BY FACSIMILE** The above-referenced documents (without exhibits and attachments thereto) were transmitted via facsimile transmission to the addressee(s) as indicated above on the date thereof.  The transmission was reported as completed and without error.

20

21

22

☐   **BY E-MAIL** as noted to the addresses listed above.

23

☒   **BY U.S. MAIL**  (I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

24

25

26

27

☐   **BY FEDERAL EXPRESS** I am readily familiar with KAYE SCHOLER LLP's business practices of collecting and processing items for pick up and next business day delivery by Federal Express.  Under said practices, items to

28

6

KAYE|SCHOLER LLP

1  be delivered the next business day are either picked up by Federal Express or
deposited in a box or other facility regularly maintained by Federal Express
2  in the ordinary course of business on that same day with the cost thereof
billed to KAYE SCHOLER LLP's account.  I placed such sealed envelope
3  for delivery by Federal Express to the offices of the addressee(s) as above on
the date hereof following ordinary business practices.)

4

☒  **STATE**  I declare under penalty of perjury under the laws of the State of
5     California that the foregoing is true and correct.

6  ☐  **FEDERAL**  I declare that I am employed in the office of a member of the
bar of this court at whose direction the service was made.
7

8  I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.
9

10  Executed on December 16, 2015, at Los Angeles, California.

11

12   Kenneice Tolliver
Printed Name                                 Signature
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**SUM-100**

# First Amended **SUMMONS**
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NOVARTIS CORPORATION, NOVARTIS PHARMACEUTICALS
CORPORATION, NOVARTIS, AND DOES 1 - 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBBIN GIBSON

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **FILED BY FAX**<br>ALAMEDA COUNTY |
| November 16, 2015 |
| CLERK OF<br>THE SUPERIOR COURT |
| By Alicia Espinoza, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>County of Alameda, 1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>RG15786793 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Curtis E. Allen, Esq., 303 Twin Dolphin Drive, Suite 600, Redwood City, CA 94065, 650 868 6620

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* November 16, 2015 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**First Amended SUMMONS**


*13896786*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Curtis E Allen, 187748 | FOR COURT USE ONLY |
|---|---|
| Law Office of Curtis Allen<br>303 Twin Dolphin Drive 6th Floor<br>Redwood City, CA 94065<br>TELEPHONE NO.: (650) 868-6620<br>ATTORNEY FOR (Name): Plaintiff | F I L E D<br>AL~~~~ ~~~~ |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>24405 Amador Street<br>Hayward, CA 94544-0000 | NOV 1 7 2015<br>CLERK ~~~~ ~~~~ COURT<br>By~~~~ ~~~~ Deputy |
| PLAINTIFF/PETITIONER: Robbin Gibbson<br>DEFENDANT/RESPONDENT: Novartis Corporation | CASE NUMBER:<br>RG15786193 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   First Amended Summons, ADR Packet, Notice of Assignment of Judge, Notice of Case Management
                Conference, First Amended Complaint

3. a. Party served: Novartis Pharmaceuticals Corporation

   b. Person Served: CSC - Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served:   2710 N Gateway Oaks Dr Ste 150
                           Sacramento, CA 95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 11/16/2015      (2) at  (time): 1:58 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:


Novartis Pharmaceuticals Corporation

   under:    CCP 416.10 (corporation)

**BY FAX**

7. Person who served papers
   a. Name:       Tyler A. Dimaria
   b. Address:    One Legal - 194-Marin
               504 Redwood Blvd #223
               Novato, CA 94947

 c. Telephone number: 415-491-0606
 d. The fee for service was: $ 37.95
 e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2006-06
         (iii) County: SACRAMENTO
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 11/16/2015

Tyler A. Dimaria
(NAME OF PERSON WHO SERVED PAPERS)                                (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]             **PROOF OF SERVICE OF SUMMONS**        Code of Civil Procedure, § 417.10

OL# 8606128



*13896787*

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Curtis E Allen, 187748<br>Law Office of Curtis Allen<br>303 Twin Dolphin Drive 6th Floor<br>Redwood City, CA 94065<br>TELEPHONE NO.: (650) 868-6620<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>F I L E D<br>ALAM...<br><br>NOV 17 2015<br><br>CLERK<br>By |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
24405 Amador Street
Hayward, CA 94544-0000

| PLAINTIFF/PETITIONER: Robbin Gibbson | CASE NUMBER:<br>RG15786193 |
|---|---|
| DEFENDANT/RESPONDENT: Novartis Corporation | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>none |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of:   First Amended Summons, ADR Packet, Notice of Assignment of Judge, Notice of Case Management
Conference, First Amended Complaint

3. a. Party served: Novartis Corporation

   b. Person Served: CSC - Becky DeGeorge - Person authorized to accept service of process

4. Address where the party was served: 2710 N Gateway Oaks Dr Ste 150
Sacramento, CA 95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party (1) on (date): 11/16/2015     (2) at (time): 1:58 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   d. on behalf of:

   Novartis Corporation

   under:   CCP 416.10 (corporation)

7. Person who served papers
   a. Name:      Tyler A. Dimaria
   b. Address:   One Legal - 194-Marin
                 504 Redwood Blvd #223
                 Novato, CA 94947

**BY FAX**

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 37.95
   e. I am:
      (3) registered California process server.
          (i) Employee or independent contractor.
          (ii) Registration No.: 2006-06
          (iii) County: SACRAMENTO

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 11/16/2015

Tyler A. Dimaria
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                          **PROOF OF SERVICE OF SUMMONS**                 Code of Civil Procedure, § 417.10

OL# 8606127

1  CURTIS E. ALLEN, ESQ. SBN 187748
   303 TWIN DOLPHIN DRIVE, SUITE 600
2  REDWOOD CITY, CA 94065
   PH 650 868 6620
3  FAX 650 362 1864
4  EMAIL CURTIS.E.ALLEN.ESQ@GMAIL.COM

5  Attorney for Plaintiff Robbin Gibson

6

7

**FILED BY FAX**
ALAMEDA COUNTY

November 16, 2015

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:
**RG15786193**

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF ALAMEDA

10                    UNLIMITED JURISDICTION

11

12  ROBBIN GIBSON,                    )   CASE NO. RG15786193
                                      )
13                      Plaintiff,    )   **COMPLAINT FOR DAMAGES**
                                      )
14              v.                    )   **FEHA**
                                      )   **[DISCRIMINATION**
15  NOVARTIS CORPORATION,             )   **HOSTILE WORK ENVIRONMENT**
    NOVARTIS PHARMACEUTICALS          )   **RETALIATION**
16  CORPORATION, NOVARTIS, AND        )   **WRONGFUL TERMINATION]**
    DOES 1 - 10, INCLUSIVE,           )
17                                    )   **LABOR CODE VIOLATIONS**
                        Defendants.   )   **COMMON LAW VIOLATIONS**
18                                    )
                                      )   **DEMAND FOR JURY TRIAL**
19                                    )

20

21              **PARTIES AND JURISDICTION / VENUE**

22      1.  Plaintiff Robbin Gibson ("Ms. Gibson") at all times relevant herein is and was a

23          Black Female over the age of 40, a permanent resident of Alameda County, and

            except as otherwise set forth therein employed by Defendants.
24
        2.  Defendant Novartis Corporation, Defendant Novartis Pharmaceuticals Corporation
25
            and Defendant Novartis (hereinafter referred to as "Novartis"), at all times herein
26
            relevant are interrelated California entities doing business and employing
27
            individuals such as Ms. Gibson in Alameda County.
28
        3.  Ms. Gibson is ignorant of the true names and capacities of Defendants sued herein

                                        -1-
ROBBIN GIBSON'S FIRST AMENDED COMPLAINT FOR DAMAGES (CASE NO. RG15786193)

1    as Does 1 through 10, inclusive, and therefore sues said Defendants by such

2    fictitious names. Ms. Gibson will amend this Complaint to allege the true names

3    and capacities of such fictitiously named Defendants when the name(s) have been

4    discovered. Ms. Gibson is informed and believes and based thereon alleges that

     each of the fictitiously named Defendants is responsible in some manner for the

5    occurrences, acts and omissions alleged herein and that Ms. Gibson's damages were

6    proximately caused by their conduct. For convenience, each reference to a named

7    Defendant herein shall refer to the Doe Defendants and each of them.

8    4.  The actions complained of herein by Ms. Gibson took place in Alameda and San

9        Francisco Counties, where she worked.

10   5.  Ms. Gibson timely filed a dual administrative charge with the EEOC and the DFEH.

     6.  The DFEH issued a Notice of Right to Sue on or about March 7, 2014, which was
11
         received by Ms. Gibson's Attorney on March 10, 2014. (See attached.)
12
     7.  The EEOC issued a Notice of Right to Sue on June 19, 2015, which was received
13
         by Ms. Gibson's Attorney on June 22, 2015.

14   8.  The instant complaint is this timely filed as to the DFEH and EEOC related claims.

15       (See Downs v. Department of Water and Power (1997) 58 Cal.App.4th 1093 (1 year

16       deadline to file complaint based on DFEH Notice of Right To Sue is tolled while

         the EEOC has the matter and is investigating); Payan v. Amarak Management
17
         Services Limited Partnership, 495 F.3d 1119 (9th Cir. 2007) (90 day deadline to file
18
         a complaint based on an EEOC Notice of Right To Sue starts to run upon plaintiff's
19
         receipt of the Notice, and absent other indicia it is presumed that the Notice was

20       received 3 days after its mailing).)

21                              **ALLEGATIONS**

22   9.  On or about 9/16/2013, after a previously successful (National Sales Award winner

23       for top performance, exceed expectations performance reviews) 6 year career at the

         company, Ms. Gibson was re-hired by Novartis as a Nurse Educator. Prior to this
24
         re-hire, Ms. Gibson held above average technical positions with other
25
         pharmaceutical and academic hospital institutions and successfully completed
26
         training programs more rigorous than the one she went through at Novartis in 2013.

27   10. From on or about September 23 to on or about October 24, 2013, Ms. Gibson was

28       subjected to a hostile work environment and different terms of conditions of

                                    -2-

1    employment by Novartis managing agents who were Caucasian: Angela Taylor
2    (MS Training Department) Amber Delaney (National Field Director), Sandy
3    Carovano (Manager), Ashley Moreland (Product Training Manager), Sandy Avery
4    (Human Resources) and others.  Said Novartis managing agents acted with
     invidious intent toward Ms. Gibson based on her age and race.
5
6    11. Examples of the aforementioned conduct include but are not limited to:  Ms. Gibson
     was not interviewed for a management level position for which she was qualified
7    and for which she applied and the role was given to a white female, Sandy
8    Carovano with less leadership and lack of management degree. An Asian female
9    was passed on the position as well. Ms. Gibson was well suited for the role as she
     was (and is) a Registered Nurse with a BA and MBA Marketing degree. Sandy
10   Carovano is a bachelor degree nurse who came from the field in sales and had less
11   experience than Ms. Gibson for the role in the Pacific Northwest.
12   12. Another contributing factor to Ms. Gibson's hostile environment, was that she had
13   to complete her training (which took place primarily on the east coast) backwards,
14   from an advanced stage back to a basic curriculum.  This resulting in Ms. Gibson
15   having more basic questions in the advanced sessions that other trainees, and led
     Novartis management to label her as "disruptive."
16
17   13. Ms. Gibson received a valuable recognition award from the Novartis Compliance
     team for contributing valuable information over all the other class participants in
18   the same training that management labeled her as "disruptive."  Sandy Caravano
19   and Amber Delaney were made aware of this via email from the training lecturer
20   and via the award portal, but nothing was acknowledged in Ms. Gibson's favor; but
21   non-black participants' awards were highlighted.
22   14. During training for the Nurse Educator position, on about October 9th a Novartis
     trainer, Angela Taylor approached Ms. Gibson stating that one of the contracted
23   non-Novartis computer instructor vendor stated that Ms. Gibson was rude, because
24   Ms. Gibson didn't allow her to touch her Novartis IPAD to change a few settings
25   and she had to report this to Ms. Gibson's manager. Ms. Gibson indicated that as a
26   52 year old Black woman she had learned to work out problems with others, and
27   asked to do so then. She told Angela not to discriminate against her based on her
28   race since this was apparent. Angela replied that she would call Ms. Gibson back to

1     talk about the comment, but she never called. Ms. Gibson called her on her cell, left

2     a message, but she didn't respond back.

3     15. On about October 10th, Ms. Delaney did not to assign Ms. Gibson her preferred

4     assignment due to purported "complaints" about Ms. Gibson's personality, but did

    not give Ms. Gibson a chance to tell her side of events.

5     16. On or about October 11, Sandy Caravano claimed "George" a computer technician

6     had said Ms. Gibson was "rude," providing no specific details though Ms. Gibson

7     asked, and Ms. Gibson indicated that Black people are considered "rude," to which

8     Ms. Carovano did not respond.

9     17. On or about the evening of October 16th Ms. Delaney pulled Ms. Gibson out of the

10     training program. At that point Ms. Gibson had finished three separate advanced

11     training sessions [a mini on-board training in Dallas, TX with a hiring manager

    (Georgia Mahoney, RN, BSN); a week of home based web related training with the

12     Product team from home (Ashley Mooreland); another week of training in New

13     Jersey with the whole 70 team MS Nurse Educators, Trainers and Novartis] and had

14     only to complete the following day's four hour training session to obtain the

15     necessary certification to do her job. (Not necessary for her certification, Ms.

    Gibson was to take a basic skills training class.)

16     18. Ms. Gibson was sent home to the Bay Area at the end of the day on Thursday

17     evening from New Jersey on a 6:30 p.m. flight. She was also told that

18     arrangements would be made to complete her training so that she should get out on

19     the Field.

20     19. On or about October 23, 2013, Ms. Gibson made a verbal complaint to Sandy

21     Avery (Human Resources Director). Sandy Avery stated she be in touch to work

22     with Ms. Gibson, but she didn't contact Ms. Gibson again.

23     20. On or about October 24, 2013, Ms. Gibson was wrongfully discharged by Ms.

    Carovano and Ms. Delaney even though Ms. Gibson had been repeatedly told prior

24     to the termination by Sandy Avery, Amber Delaney and Sandra Caravano that she

25     was not in danger of being terminated.

26     21. During the termination meeting in Oakland, CA, whereby Amber Delaney and

27     Sandy Caravano flew out and made Ms. Gibson meet them at the Courtyard on

28

1    Hegenberger in Oakland, CA. Ms. Gibson was not got given a chance to address

2    any allegations made against her.

3    22. Nor was she allowed to reiterate her concerns that the treatment she received was

4    based on her race and/or age.

5    23. Defendants' stated reasons for their actions as summarized above (i.e. pulling Ms.

     Gibson out of training and firing her) were not worthy of belief and were pretext to

6    cover up illegal conduct on the part of Defendants.

7    24. Through the above examples, Ms. Gibson has been discriminated and retaliated

8    against on the basis of her race (African-American) and age. As Ms. Gibson was

9    leaving the meeting, a Caucasian man jumped out who was hiding behind the door.

10   The two managers never informed Ms. Gibson that another individual would be

11   present.

                                    **DAMAGES**

12   25. As a result of Defendants' conduct, Ms. Gibson sustained and will continue to

13   sustain lost wages and benefits in an amount to be determined according to proof.

14   In addition, Ms. Gibson has suffered and will continue to suffer damages to her

15   career and reputation, in an amount to be determined according to proof.

16   26. As further proximate result of Defendants' actions as alleged herein, Ms. Gibson

     was humiliated, hurt and injured in her health, strength and activity, and suffered

17   and continues to suffer loss of reputation, good will and standing in the community,

18   scorn and humiliation, embarrassment, mental anguish and suffering, depression,

19   anxiety, loss of enjoyment of life, and general loss of self-esteem and well-being,

20   all to Ms. Gibson's damage in an amount to be shown according to proof.

21   27. Defendants' actions as set forth herein were willful, wanton, malicious and

22   oppressive in that each Defendant and its agents – including but not limited to Ms.

23   Gibson's supervisors / Novartis managing agents specifically named in this

     Complaint - knew or should have known that their conduct was unreasonable and

24   illegal.

25   28. Furthermore, each Defendant's actions as set forth therein were carried out in

26   willful and conscious disregard for Ms. Gibson's rights and well-being, entitling

27   Ms. Gibson to punitive damages in an amount appropriate to punish or make an

28   example of Defendants.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**FAIR EMPLOYMENT AND HOUSING ACT**

**DISCRIMINATION**

**Cal. Gov't Code § 12940 et seq.**

**AGAINST ALL DEFENDANTS**

29. Ms. Gibson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

30.     This claim is brought pursuant to the California Fair Employment And Housing Act, Government Code Section 12940 et seq. (hereinafter "FEHA").

31.     At all times referenced herein, Ms. Gibson was entitled to the protections set forth in FEHA, including the right to be free from discrimination based on race and age in the context of employment.

32.     At all times referenced herein, Defendants were bound to follow the law as set forth in FEHA, and not discriminate.

33.     In violation of FEHA, through their actions as set forth herein, Defendants engaged in discrimination against Ms. Gibson based on her race and age.

34.     As a proximate result of Defendants' violation of FEHA as set forth herein, Ms. Gibson suffered damages as more fully set forth above.

35.     WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.

**SECOND CAUSE OF ACTION**

**FAIR EMPLOYMENT AND HOUSING ACT**

**HOSTILE WORK ENVIRONMENT**

**Cal. Gov't Code § 12940 et seq.**

**AGAINST ALL DEFENDANTS**

36.     Ms. Gibson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

37.     This claim is brought pursuant to FEHA.

38.     At all times referenced herein, Ms. Gibson was entitled to the protections set forth in FEHA, including the right to be free from a hostile work environment based on race and age in the context of employment.

39.     At all times referenced herein, Defendants were bound to follow the law

1   as set forth in FEHA, and not to create a hostile work environment.

2   40.     In violation of FEHA, through their actions as set forth herein, Defendants

3   engaged in race and age harassment sufficient to alter the terms and conditions of

4   Ms. Gibson's employment and the employment terms and conditions of a

    reasonable person in Ms. Gibson's circumstances.

5   41.     As a proximate result of Defendants' violation of FEHA as set forth

6   herein, Ms. Gibson suffered damages as more fully set forth above.

7   42.     WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.

8                       **THIRD CAUSE OF ACTION**

9              **FAIR EMPLOYMENT AND HOUSING ACT**

10                          **RETALIATION**

                        **Cal. Gov't Code § 12940 et seq.**
11
                        **AGAINST ALL DEFENDANTS**
12
    43.     Ms. Gibson realleges and incorporates by reference each Paragraph above
13
    as if fully set forth herein.

14  44.     This claim is brought pursuant to FEHA.

15  45.     At all times referenced herein, Ms. Gibson was entitled to the protections

16  set forth in FEHA, including the right to be free from a retaliation for voicing

    concerns relating to discrimination based on race and age in the context of
17
    employment.
18
    46.     At all times referenced herein, Defendants were bound to follow the law
19
    as set forth in FEHA, and not to retaliate.

20  47.     In violation of FEHA, through their actions as set forth herein, Defendants

21  retaliated against Ms. Gibson.

22  48.     As a proximate result of Defendants' violation of FEHA as set forth

    herein, Ms. Gibson suffered damages as more fully set forth above.
23
    49.     WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.
24
    ///
25
    ///

26  ///

27  ///

28  ///

                                -7-

## FOURTH CAUSE OF ACTION
## TITLE VII
## DISCRIMINATION
## 42 USC § 2000E et seq.
## AGAINST ALL DEFENDANTS

50.     Ms. Gibson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

51.     This claim is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (including but not limited to 2000e-2; hereinafter "Title VII").

52.     At all times referenced herein, Ms. Gibson was entitled to the protections set forth in Title VII, including the right to be free from discrimination based on race and age in the context of employment.

53.     At all times referenced herein, Defendants were bound to follow the law as set forth in Title VII, and not discriminate.

54.     In violation of Title VII, through their actions as set forth herein, Defendants engaged in discrimination against Ms. Gibson based on her race and age.

55.     As a proximate result of Defendants' violation of Title VII as set forth herein, Ms. Gibson suffered damages as more fully set forth above.

56.     WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.

## FIFTH CAUSE OF ACTION
## TITLE VII
## HOSTILE WORK ENVIRONMENT
## 42 USC § 2000E et seq.
## AGAINST ALL DEFENDANTS

57.     Ms. Gibson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

58.     This claim is brought pursuant to Title VII.

59.     At all times referenced herein, Ms. Gibson was entitled to the protections set forth in Title VII, including the right to be free from a hostile work environment based on race and age in the context of employment.

60. At all times referenced herein, Defendants were bound to follow the law as set forth in Title VII, and not to create a hostile work environment.

61. In violation of Title VII, through their actions as set forth herein, Defendants engaged in race and age harassment sufficient to alter the terms and conditions of Ms. Gibson's employment and the employment terms and conditions of a reasonable person in Ms. Gibson's circumstances.

62. As a proximate result of Defendants' violation of Title VII as set forth herein, Ms. Gibson suffered damages as more fully set forth above.

63. WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.

**SIXTH CAUSE OF ACTION**

**TITLE VII**

**RETALIATION**

**42 USC § 2000E et seq.**

**AGAINST ALL DEFENDANTS**

64. Ms. Gibson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

65. This claim is brought pursuant to Title VII.

66. At all times referenced herein, Ms. Gibson was entitled to the protections set forth in Title VII, including the right to be free from a retaliation for voicing concerns relating to discrimination based on race and age in the context of employment.

67. At all times referenced herein, Defendants were bound to follow the law as set forth in Title VII, and not to retaliate.

68. In violation of Title VII, through their actions as set forth herein, Defendants retaliated against Ms. Gibson.

69. As a proximate result of Defendants' violation of Title VII as set forth herein, Ms. Gibson suffered damages as more fully set forth above.

70. WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.

///
///
///
///

**SEVENTH CAUSE OF ACTION**

**VOIOLATION OF LABOR CODE 1102.5**

**AGAINST ALL DEFENDANTS**

71.     Ms. Gibson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

72.     This claim is brought pursuant to California Labor Code Section 1102.5.

73.     At all times referenced herein, Ms. Gibson was entitled to the protections set forth in Labor Code 1102.5, including the right to be free from retaliation for voicing concerns / opposition relating to unlawful discrimination and harassment based on race and age in the context of employment.

74.     At all times referenced herein, Defendants were bound to follow the law as set forth in Labor Code Section 1102.5 not to retaliate.

75.     In violation of Labor Code Section 1102.5, through their actions as set forth herein, Defendants retaliated against Ms. Gibson.

76.     As a proximate result of Defendants' violation of Labor Code 1102.5 as set forth herein, Ms. Gibson suffered damages as more fully set forth above.

77.     WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.

**EIGHTH CAUSE OF ACTION**

**WRONGFUL TERMINATINO IN VIOLATION OF FUNDAMENTAL PUBLIC POLICY**

**AGAINST ALL DEFENDANTS**

78.     Ms. Gibson realleges and incorporates by reference each Paragraph above as if fully set forth herein.

79.     This claim is brought pursuant to the wrongful termination in violation of fundamental public policy common law legal theory outlined in cases such as Tameny v. Atlantic Richfield Co., 27 Cal. 3d 167 (1980) and City of Moorpark v. Superior Court, 18 Cal. 4th 1143 (1998).

80.     FEHA, Labor Code 1102.5 and Title VII embody fundamental public policies that the workplace should be free from discrimination and harassment based on race and age, and retaliation based on an employee's engaging in activities protected under FEHA.

81.     Through their actions as set forth herein, Defendants terminated/failed to

-10-

1   hire Plaintiff in violation of that fundamental public policy.

2   82.   As a proximate result of Defendants' violation as set forth herein, Ms.

3   Gibson suffered damages as more fully set forth above.

4   83.   WHEREFORE, Ms. Gibson requests relief as hereinafter set forth herein.

### NINTH CAUSE OF ACTION

5

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6

### AGAINST ALL DEFENDANTS

7   84.   Ms. Gibson realleges and incorporates by reference each

8   Paragraph above as if fully set forth herein.

9   85.   Through their acts and omissions Defendants engaged in a

10   course of conduct which was intentional, extreme and

11   outrageous.

12   86.   Defendants engaged in said course of conduct with wanton and

    reckless disregard of the foreseeable harm that would result to

13   Ms. Gibson, and with the purpose of intimidating,

14   discriminating and retaliating against Ms. Gibson.

15   87.   Defendants and their agents/employees acts and omissions

16   have proximately caused Ms. Gibson to suffer damages as set

    forth above.

17

18   88.   WHEREFORE, Ms. Gibson requests for relief as hereinafter set

    forth.

19   ### TENTH CAUSE OF ACTION

20   ### NEGLIGENCE

21   ### AGAINST ALL DEFENDANTS

22   90.   Ms. Gibson realleges and incorporates by reference each Paragraph above

    as if fully set forth herein.

23

24   91.   Defendants owed Ms. Gibson several duties of care, for example not only

    those duties imposed by FEHA and Labor Code Section 1102.5, common

25   law, and also those duties set forth in Defendants' personnel policies and

26   guidelines as well as offer letters and other written and oral communications

27   made to Ms. Gibson relating to the terms and conditions of her employment

28   with Defendants.

-11-
ROBBIN GIBSON'S FIRST AMENDED COMPLAINT FOR DAMAGES (CASE NO. RG15786193)

1    92. Defendants' actions as set forth herein (as well as the negligent hiring,
2        retention and training of management level employees) constitute a course
3        of conduct which was grossly negligent and breached Defendants' duties of
4        care to Ms. Gibson.
5    93. Defendants engaged in said course of conduct with wanton and reckless
         disregard of the foreseeable harm to Ms. Gibson.
6    94. Defendants' actions proximately caused Ms. Gibson to suffer damages as
7        set forth above.
8    95. WHEREFORE, Ms. Gibson requests relief as set forth below.
9                              REQUEST FOR RELIEF
10       WHEREFORE, Ms. Gibson requests judgment against Defendants, and each of them,
     as follows:
11
         1.   For general damages, including, without limitation, for mental and emotional
12            distress according to proof (on the applicable causes of action as plead above);
13       2.   For compensatory and related damages due to the economic loss including but
14            not limited lost past and future wages, loss 401k (retirement) monies according
15       to proof;
         3.   For punitive damages according to proof;
16
         4.   For an award of interest, including prejudgment interest, at the legal rate;
17
         5.   For an award of attorneys' fees;
18
         6.   For costs of suit incurred;
19       7.   For such other and further relief as the Court deems appropriate.
20                          **DEMAND FOR A JURY TRIAL**
21       Plaintiff demands a jury trial.
22                                    Curtis E. Allen, Esq.
23
24   Dated November 14, 2015
                                      Attorney for Plaintiff Robbin Gibson
25
26
27
28

                                       -12-
     ROBBIN GIBSON'S FIRST AMENDED COMPLAINT FOR DAMAGES (CASE NO. RG15786193)

STATE OF CALIFORNIA | State and Consumer Services Agency

GOVERNOR EDMUND G. BROWN, JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR PHYLLIS W. CHENG

EEOC Number: 550-2014-00262C
Case Name:   Robbin Gibson vs. NOVARTIS
Filing Date:   March 7, 2014

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being dual filed with the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

The EEOC is responsible for the processing of this complaint and the DFEH will not be conducting an investigation into this matter. Please contact EEOC directly for any discussion of the complaint or the investigation.

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

This letter is also your Right to Sue notice. This Right-To-Sue Notice allows you to file a private lawsuit in State court. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed.

If you have questions about the right to file under federal law, please contact the EEOC using the contact information below.

EEOC Northern California
450 Golden Gate Ave 5-West
PO Box 36025
San Francisco, CA 94102
(415) 522-3000

EEOC Southern California
255 East Temple Ste., 4th Floor
Los Angeles, CA 90012
(213) 894-1100

DFEH-200-02 (01/13)

EEOC Form 161-B (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Robbin Gibson | From: San Francisco District Office |
|---|---|
| C/O Curtis E. Allen, Esquire, Sbn 187748 | 450 Golden Gate Avenue |
| 303 Twin Dolphin Drive, Suite 600 | 5 West, P.O. Box 36025 |
| Redwood City, CA 94065 | San Francisco, CA 94102 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
|  | **Malihe S. Kigasari,** |  |
| **550-2014-00262** | **Investigator** | **(415) 522-3078** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Michael P. Connolly,**
**Acting District Director**

6/19/15
*(Date Mailed)*

**Kerry Alan Scanlon**

cc:    Counsel for NPC
Kaye Scholer LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327

Curtis E. Allen
303 Twin Dolphin Drive, Ste. 600
Redwood City, CA 94065

# Exhibit B



1  Rhonda R. Trotter (State Bar No. 169241)
   rhonda.trotter@kayescholer.com
2  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1600
3  Los Angeles, California 90067-6048
   Telephone: (310) 788-1000
4  Facsimile: (310) 788-1200

5  Attorneys for Defendant
   Novartis Pharmaceuticals Corporation

6

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9                     **COUNTY OF ALAMEDA**

10

11  ROBBIN GIBSON                    )  Case No. RG15786193
                                     )
12            Plaintiff,             )  **ANSWER OF DEFENDANT NOVARTIS**
                                     )  **PHARMACEUTICALS CORPORATION**
13     vs.                           )  **TO PLAINTIFF'S UNVERIFIED FIRST**
                                     )  **AMENDED COMPLAINT**
14  NOVARTIS CORPORATION;            )
    NOVARTIS PHARMACEUTICALS         )
15  CORPORATION, NOVARTIS, AND       )  **[BY FAX]**
    DOES 1 - 10, inclusive,          )
16                                   )  Assigned to Hon. Dennis Hayashi, Dept. 522
            Defendants.              )
17                                   )

18

19       Defendant Novartis Pharmaceuticals Corporation ("NPC") answers the unverified First

20  Amended Complaint ("Amended Complaint"), filed by Plaintiff Robbin Gibson, as follows:

21                       **I. GENERAL DENIAL**

22       Pursuant to California Code of Civil Procedure section 431.30(d), NPC denies, generally

23  and specifically, each and every allegation in the Complaint. NPC further denies, generally and

24  specifically, that Plaintiff has been injured, damaged, or harmed by any act or omission of NPC for

25  which NPC could be regarded as responsible. NPC further denies, generally and specifically, that

26  Plaintiff is entitled to the relief requested, or any relief whatsoever, from NPC.

27

28

                                1

## II. **AFFIRMATIVE DEFENSES**

NPC reserves the right to supplement or amend its Answer to include additional affirmative defenses as additional information becomes available.  In setting forth the following "affirmative defenses," NPC does not concede that it has the burden of proof or production on any of them.

### **FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint, in whole or in part, fails to state facts sufficient to constitute a claim or cause of action upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by payment, release, and/or accord and satisfaction.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, to the extent that she has executed or in the future executes, a release of employment-related claims including, but not limited to any claim alleged in the Amended Complaint.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed, neglected and/or refused to mitigate damages, or in the alternative, to the extent Plaintiff has mitigated her damages, NPC is entitled to offset those amounts she has earned.

### **FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, abandonment, laches, estoppel, and/or other equitable defenses.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because NPC's decisions with respect to Plaintiff's employment were made by NPC for legitimate, non-discriminatory, non-pretextual reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because there is no evidence that Plaintiff's termination of employment or any other adverse employment action was a pretext for unlawful discrimination and/or retaliation.

**EIGHTH AFFIRMATIVE DEFENSE**

The adverse employment actions alleged by Plaintiff would have occurred irrespective of Plaintiff's race, age, or any other protected status.

**NINTH AFFIRMATIVE DEFENSE**

Each and every action taken by NPC was undertaken in good faith and in full compliance with all applicable laws, rules, statutes, and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages is barred because Plaintiff cannot show that NPC's alleged conduct was willful, malicious, fraudulent, wanton, oppressive, or such an entire want of care as to raise the presumption of indifference to consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to plead sufficient facts to set forth a claim for punitive damages against NPC under applicable law.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped by her own acts, conduct or omissions from recovering any relief.

1

## **THIRTEENTH AFFIRMATIVE DEFENSE**

2      NPC expressly reserves the right to amend its affirmative defenses and allege further

3  affirmative defenses as they may become known through the course of discovery or otherwise.

4

5

## **PRAYER FOR RELIEF**

6

7      WHEREFORE, NPC prays for the following relief:

8      1.      That Plaintiff takes nothing by her Amended Complaint;

9      2.      That Plaintiff's Amended Complaint be dismissed with prejudice in its entirety;

10      3.      That NPC be awarded its costs of suit incurred herein, including reasonable attorneys'

11  fees; and

12      4.      That NPC be awarded such other and further relief as this Court deems just and

13  proper.

14

15  Dated: December 16, 2015                    Respectfully submitted,

16                                              KAYE SCHOLER LLP

17                                              By:

18                                                  Rhonda R. Trotter
                                                    Attorneys for Defendant
19                                                  Novartis Pharmaceuticals Corporation

20

21

22

23

24

25

26

27

28

KAYE SCHOLER LLP

4

63246330_1                          ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

1

2

3    STATE OF CALIFORNIA          )
                                  )    ss
4    COUNTY OF LOS ANGELES        )

5    I am employed in the County of Los Angeles, State of California.  I am over the age of 18
     and not a party to the within action; my business address is KAYE SCHOLER LLP, 1999 Avenue
6    of the Stars, Suite 1600, Los Angeles, California 90067.

7    On December 16, 2015, I served the following documents described as follows:

8    **ANSWER OF DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION TO
     PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**
9

10   thereof enclosed in a sealed envelope addressed as follows:

11   **Curtis E. Allen, Esq.**
     303 Twin Dolphin Drive, Suite 600
12   Redwood City, CA 94065
     Tel: (650) 868-6620
13   Fax: (650) 362-1864
     Curtis.e.allen.esq@gmail.com
14   *Attorney for Plaintiff*

15   ☐    **BY PERSONAL SERVICE**   I caused such envelope to be delivered by messenger:
16   ___       by hand to the addressee.
     ___       and left it at the offices of the addressee with a clerk or other person in charge thereof.
17   ___       and left it in a conspicuous place in the offices of the addressee.

18   ☐    **BY FACSIMILE** The above-referenced documents (without exhibits and attachments
     thereto) were transmitted via facsimile transmission to the addressee(s) as indicated above
19   on the date thereof.  The transmission was reported as completed and without error.

20   ☐    **BY E-MAIL** as noted to the addresses listed above.

21   ☒    **BY U.S. MAIL**  (I am readily familiar with the firm's practice of collection and processing
22   correspondence for mailing.  Under that practice it would be deposited with U.S. Postal
     Service on that same day with postage thereon fully prepaid at Los Angeles, California in
23   the ordinary course of business.  I am aware that on motion of the party served, service is
     presumed invalid if postal cancellation date or postage meter date is more than one day
24   after date of deposit for mailing in affidavit.)

25   ☐    **BY FEDERAL EXPRESS** I am readily familiar with KAYE SCHOLER LLP's business
     practices of collecting and processing items for pick up and next business day delivery by
26   Federal Express.  Under said practices, items to be delivered the next business day are
     either picked up by Federal Express or deposited in a box or other facility regularly
27   maintained by Federal Express in the ordinary course of business on that same day with the
     cost thereof billed to KAYE SCHOLER LLP's account.  I placed such sealed envelope for
28

KAYE SCHOLER LLP

5

1  delivery by Federal Express to the offices of the addressee(s) as above on the date hereof
   following ordinary business practices.)

2  ☒  **STATE**  I declare under penalty of perjury under the laws of the State of California that the
3  foregoing is true and correct.

4  ☐  **FEDERAL**  I declare that I am employed in the office of a member of the bar of this court
   at whose direction the service was made.

5

6  I declare under penalty of perjury under the laws of the State of California that the foregoing is true
   and correct.

7  Executed on December 16, 2015, at Los Angeles, California.

8

9  _____Kenneice Tolliver_____          _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit C

**Superior Court of California, County of Alameda**



**Notice of Assignment of Judge for All Purposes**

Case Number: RG15786193
Case Title:    Gibson VS Novartis Corporation
Date of Filing: 09/17/2015

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

|  |  |
|---|---|
| Judge: | Dennis Hayashi |
| Department: | 522 |
| Address: | Hayward Hall of Justice |
|  | 24405 Amador Street |
|  | Hayward CA  94544 |
| Phone Number: | (510) 690-2731 |
| Fax Number: | (510) 690-2855 |
| Email Address: | Dept.522@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law.  (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

## General Procedures

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612 or the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO<br>
JUDGE Dennis Hayashi<br>
DEPARTMENT 522

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Courtesy copies of all law and motion papers shall be delivered directly to Department 522.

## Schedule for Department 522

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Court Trials: Monday through Friday; 8:45 a.m. to 1:00 p.m.

- Jury Trials: Monday through Friday; 8:45 a.m. to 1:00 p.m.

- Case Management Conferences are held: Mondays, Tuesdays and Fridays at 2:30 p.m.

- Law and Motion matters are heard: Wednesdays and Thursdays at 2:30 p.m.

- Settlement Conferences are heard: As scheduled by the judge

- Ex Parte matters are heard: Mondays and Wednesdays at 2:30 p.m.

- Pretrial Hearings are heard on Tuesdays at 2:30 p.m. (hearings are scheduled on week prior to the trial date).

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:        Dept.522@alameda.courts.ca.gov

Phone:        (510) 690-2731

• Ex Parte Matters
    Email:       Dept.522@alameda.courts.ca.gov
    Phone:       (510) 690-2731

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings
will become the Court's order unless contested in accordance with the Local Rules.
Tentative rulings will be available at:

• Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 522
• Phone:  1-866-223-2244

Dated:  09/21/2015        _Winifred Y. Smith_   Facsimile
                          _____
                              Presiding Judge,
                          Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**
I certify that the following is true and correct:  I am the clerk of the above-named court and
not a party to this cause.  I served this Notice by placing copies in envelopes addressed as
shown on the attached Notice of Initial Case Management Conference and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on
the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

                    Executed on 09/22/2015

                                  By      _____
                                                 digital
                                          _____
                                                     Deputy Clerk

# Exhibit D

Allen, Curtis E.
303 Twin Dolphin Drive
Suite 600
Redwood City, CA   94065____

## Superior Court of California, County of Alameda

| | |
|---|---|
| Gibson<br><br>              **Plaintiff/Petitioner(s)**<br>       VS.<br><br>Novartis Corporation<br>            **Defendant/Respondent(s)**<br>   (Abbreviated Title) | No. <u>RG15786193</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: **02/01/2016**<br>Time: **02:30 PM** | Department: **522**<br>Location: **Hayward Hall of Justice**<br>          **3rd Floor**<br>          **24405 Amador Street, Hayward CA 94544**<br><br>     Internet: **www.alameda.courts.ca.gov** | Judge: **Dennis Hayashi**<br>Clerk: **Dianne Hyatt**<br>Clerk telephone: **(510) 690-2731**<br>E-mail:<br>**Dept.522@alameda.courts.ca.gov**<br>Fax: **(510) 690-2855** |

### ORDERS

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/22/2015.

By _____

Deputy Clerk